## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

TIMOTHY LEATHERMAN, on his own behalf
and others similarly situated,

                Plaintiff,

-vs-                                      Case No.  2:10-cv-715-FtM-36SPC

S.W. Fla. Floorcrafters, Inc., a Florida profit
corporation,

                Defendant.

_____

## ORDER

       This matter comes before the Court on Plaintiff's Motion for Clerk's Default (Doc. #10) filed

on January 12, 2011.  Plaintiff Timothy Leatherman moves for an entry of default by the Clerk of

Court against Defendant, S.W. Fla. Floorcrafters, Inc., for failure to respond to Plaintiff's Complaint.

On November 24, 2010, Plaintiff filed a Complaint for overtime compensation, minimum wages,

declaratory relief under the Fair Labor Standards Act.   On November 30, 2010, Defendant was

served with a copy fo the Summons and Complaint.

       Pursuant to Pursuant to Fed R. Civ. P. 4(h), service upon a corporation is effected when:

    [u]nless otherwise provided by federal law, service upon a domestic or foreign
corporation or upon a partnership or other unincorporated association that is subject
to suit under a common name and from which a waiver of service has not been
obtained and filed, shall be effected:

    (1) in a judicial district of the United States in the manner prescribed for individuals
by subdivision (e)(1), or by delivering a copy of the summons and of the complaint
to an officer, a managing or general agent, or to any other agent authorized by
appointment or by law to receive service of process and, if the agent is one
authorized by statute to receive service and the statute so requires, by also mailing
a copy to the defendant. . .

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla 2d DCA 1987).

In this case, service was made on Charles C. Jones, II as registered agent of Defendant. The Court finds that this was proper under Florida law. As service was proper, pursuant to Federal Rule of Civil Procedure 12(a)(1), Defendant was required to file a response to the Complaint within 21 days of being served. The time to respond has passed and Defendant has failed to file a response. Therefore, the Motion for Clerk's Default is due to be granted.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Clerk's Default (Doc. #10) is **GRANTED**. The Clerk is directed to enter clerk's default against Defendant S.W. Fla. Floorcrafters, Inc.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of January, 2011.

*Sheri Polster Chappell*

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record